IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RANDY AND TRISHA HOWARD, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 09-cv-00820 |
| v. | ) ) ) | The Honorable William H. Steele |
| BAYROCK MORTGAGE CORPORATION, FIRST AMERICAN CORPORATION, UNITED GENERAL TITLE INSURANCE COMPANY and BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACK SECURITIES I TRUST 2007-HE4 ASSET-BACK CERTIFICATES, SERIES 2007-HE4. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## BANK OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Bank of America, National Association As Successor By Merger To LaSalle Bank National Association, As Trustee For The Registered Holders Of Bear Stearns Asset Back Securities I Trust 2007-HE4 Asset-Back Certificates, Series 2007-HE4 ("Bank of America") hereby submits is Memorandum in Support of its Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

Plaintiffs Randy and Trisha Howard (the "Howards") entered into a mortgage loan with Bayrock Mortgage Corporation ("Bayrock") in early 2007. Almost two years later, the Howards

brought the instant action against Bank of America, among other defendants, claiming that Bayrock and its settlement agent, Lenders' First Choice ("LFC"), violated federal lending laws at closing.  The Howards seek to hold Bank of America liable under the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA") for Bayrock and/or LFC's purported wrongdoing based solely on their allegation that Bank of America is an "assignee" of their loan.  However, the Howards' irrelevant, threadbare and conclusory allegations fail to state any claim against Bank of America, and their Complaint should therefore be dismissed *with prejudice*.

First, the Howards' TILA rescission and damages claims fail because the Complaint does not allege even the most basic fact required to state a claim under TILA – that an improper disclosure was made on a TILA disclosure form.  Second, the purported TILA claims also fail because the Howards do not allege any facts showing that TILA violations were apparent on the face of any TILA disclosure, as required for assignee liability under TILA.  Third, the Howards' HOEPA claims for damages and rescission fail because the Howards do not allege facts showing that HOEPA even applies to their loan.  Finally, both the Howards' TILA and HOEPA damages claims are barred by the one-year statute of limitations.

## ALLEGATIONS OF THE COMPLAINT

The Howards allege that on January 19, 2007, they entered into a "consumer transaction" with Bayrock in which "Bayrock extended consumer credit" secured by their home located at 3057 Kendale Drive, Mobile, Alabama 36606 (the "Mortgage Loan").  (Compl., Doc. 1, paras. 11-12.)  The Howards allege that the Mortgage Loan was later "assigned" to Bank of America.  (*Id.* para. 11.)  The Howards allege LFC acted as the settlement agent at the Mortgage Loan closing.  (*Id.* paras. 15-16.)  They allege that Bayrock, through LFC, charged "unreasonable" fees

in connection with the closing of the Mortgage Loan in violation of TILA and HOEPA, 15 U.S.C. § 1601, *et seq*. (*Id.* paras. 21-62.) The Howards allege Bayrock failed to make "material disclosures" as required by TILA, and refused to rescind their loan after receiving a notice of rescission. (*Id.* paras. 67-69.) Additionally, the Howards allege Bayrock violated HOEPA by failing to: (1) disclose that the loan was a "high cost or HOEPA loan;" (2) make "other disclosures required by HOEPA;" (3) use "mortgage terms that were compliant with HOEPA;" and (4) "furnish the required HOEPA disclosures" three days prior to settlement. (*Id.* paras. 67(d)-(f), 79.) The Complaint contains no allegations concerning any Truth in Lending Disclosure Statement ("TILS") the Howards may have received in connection with their loan transaction with Bayrock, nor does it allege that any disclosures required by TILA were omitted or improperly stated on a TILS. (*See generally, Id.*) Likewise, the Howards do not allege the "total loan amount" or the "total points and fees charged" under HOEPA. (*Id.*)

The Howards allege that Bank of America, as an assignee of Bayrock, is liable for Bayrock's purported TILA and HOEPA violations. (*Id.* 73.) They seek statutory damages, rescission, and attorneys' fees from Bank of America. (*Id.* paras. 74, *ad damnum*.)

## ARGUMENT

I.   **LEGAL STANDARD.**

The United States Supreme Court abrogated the dismissal standards set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), which plaintiffs long relied on in opposition to motions to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court admonished that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint containing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," does not state a cognizable claim for relief. In *Ashcroft*, the

Supreme Court outlined the analytical framework for evaluating the sufficiency of a claim under the standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), holding that "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Ashcroft*, 129 S.Ct. at 1949 (quoting *Twombly*, internal citations omitted). As set out by the Supreme Court:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* Here, the Howards fail to meet the standards required by the Supreme Court because they assert no TILA or HOEPA claim that is plausible on its face based on the factual allegations pled.

## II. THE HOWARDS FAIL TO STATE A CLAIM FOR VIOLATION OF TILA.

### A. The Complaint Fails To Meet Federal Pleading Standards.

The Howards' TILA damages and rescission claims should be dismissed because they fail to allege any disclosure violations subject to TILA. All the alleged disclosure violations were purportedly made on a HUD-1 Settlement Statement, a form which is not covered by TILA.

The Howards make the conclusory allegation they are entitled to damages and rescission under TILA because Bayrock did not "properly and accurately disclose" the "amount financed," the "finance charge," and the "annual percentage rate." (Compl. para. 67(a)-(c).) However, the only document the Howards allege failed to contain accurate disclosures is their HUD-1 Settlement Statement (which they do not attach to the Complaint), and this form is not governed

by TILA.  *Martin v. National City Mortg. Co.*, 08-cv-1026, 2010 WL 671253, at *2 (E.D. Cal. 2010) (noting distinction between a HUD-1 and a TILS and holding that TILA only applies to disclosures in a TILS.)  Instead, TILA requires the lender to make required disclosures on a separate document, the TILS.  *Curtis v. Secor Bank*, 896 F.Supp. 1115, 1117 (M.D. Ala. 1995) ("the amount financed, the finance charge, [and] annual percentage" are to be disclosed on the TILS under TILA.)  The Howards do not reference or attach a TILS to their Complaint, nor do they allege that (or how) the "amount financed," "finance charge," and/or "annual percentage rate" were improperly disclosed in this document.

Therefore, the Howards fail to allege any TILA violation against Bank of America, and their TILA claims for damages and rescission should be dismissed.

### B. Bank Of America Is Not Liable For Plaintiffs' Purported TILA Damages Claims Because The Alleged TILA Violations Are Not Apparent On The Face Of The TILA Disclosures.

The Howards' TILA damages claim against Bank of America also fails because assignees – as Bank of America is alleged to be – are only liable for TILA violations apparent on the face of the TILA disclosures, 15 U.S.C. § 1641(a), and the Howards fail to allege any such apparent violations.  TILA states "a violation apparent on the face of the disclosure statement includes, but is not limited to: (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned; or (2) a disclosure which does not use the terms required to be used by this subchapter." *In re Jones*, No. 06-81987, 2007 WL 1725593, at *12 (N.D. Ala. Bankr. Jun. 13, 2007).  Further, "for an assignee of a loan to be held liable for disclosure violations, the alleged violation must be discernable solely from an examination of the face of the disclosure statement….Where the fact of a TILA violation

depends on extrinsic knowledge, *for instance charges made but not shown on the disclosure statement*, the assignee will not be liable under the TILA." *Id.* (emphasis added).

While the Howards' allegations are difficult to decipher, it is clear that the alleged TILA violations (albeit on the HUD-1) spring from Bayrock's and/or LFC's purported overcharging and under-disclosing of certain closing fees. (Compl. paras. 21-62.) To determine whether these charges were improper, the Court would have to look beyond the face of the TILS to determine: (1) whether closing fees were actually paid to third parties by reviewing invoices or fee schedules; (2) what the reasonable fees would be by looking at the market rate for each allegedly "unreasonable" fee; and (3) whether so-called "unreasonable" fees were included in the calculations of the amount financed, finance charge, and annual percentage rate as disclosed on the TILS. These steps would be necessary for the very reason that these type of TILA violations are not apparent on the face of the TILS. *See, Ellis v. General Motors Acceptance Corp.,* 160 F.3d 703 (1998) (where the court must resort to evidence or documents extraneous to the disclosure statement, assignee claims under TILA are precluded).

Therefore, because the alleged TILA violations are not alleged to be (and could not be) apparent on the face of the disclosures, the Howards' claims against Bank of America should be dismissed with prejudice.

## III.     THE HOWARDS FAIL TO STATE A CLAIM FOR VIOLATION OF HOEPA.

The Howards' HOEPA claims for rescission and damages fail because they do not allege facts making it plausible that HOEPA applies to their loan. To state a claim under HOEPA, the Howards must first adequately allege facts showing that HOEPA applies to their loan. *Lynch v. RKS Mortg. Inc.*, 588 F.Supp.2d 1254, 1260 (E.D. Cal. 2008).

Without any supporting factual allegations, the Howards make the following conclusory allegation that their loan meets the HOEPA threshold: their "loan is a high cost loan within the

meaning of HOEPA, 15 U.S.C. § 1602(aa), because the total points and fees charge [sic] in connection with it exceed 8% of the total loan amount." (Compl. para. 77.) However, this unsupported legal conclusion is not sufficient to plead that HOEPA applies. *Lynch v. RKS Mortg. Inc.*, 588 F.Supp.2d 1254, 1260 (E.D. Cal. 2008) (dismissing complaint that "does not allege any particular facts showing that the percentage threshold for HOEPA protection was actually crossed"); *Marks v. Chicoine,* No. 06-06806, 2007 WL 160992, at *8 (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA claim where plaintiff failed to allege facts showing that HOEPA applied to the loan at issue); *see also, Justice v. Countrywide Home Loans, Inc.,* No. 05-008, 2006 WL 141746, at *2 (E.D. Tenn. Jan. 18, 2006) (where complaint alleged that excessive fees were charged in violation of HOEPA but failed to specify such fees, dismissal was appropriate, since "the bare incantation of statutory terms, without corresponding allegations to support recovery, does not state a claim.")

The Howards do not allege the principal amount of their loan, much less the "total loan amount" under HOEPA. The "total loan amount" is a term of art which must be pled in order to determine whether HOEPA applies.[1] Likewise, the Howards do not calculate, or even allege what constitute the "total points and fees" which exceed 8% of the "total loan amount."[2] Because

---

[1] The Official Staff Commentary to Regulation Z explains that "the total loan amount is calculated by taking the amount financed, as determined according to 226.18(b), and deducting any cost listed in 226.32(b)(1)(iii) and 226.32(b)(1)(iv) that is both included as points and fees under 226.32(b)(1) and financed by the creditor." 12 C.F.R. Pt. 226, Supp. I at 226.32(b)(1)(iv).

[2] Under HOEPA, "total points and fees" include:

(A) all items included in the finance charge, except interest or the time-price differential;
(B) all compensation paid to mortgage brokers;
(C) each of the charges listed in section 1605(e) of this title (except an escrow for future payment of taxes), unless-
  (i) the charge is reasonable;
  (ii) the creditor receives no direct or indirect compensation; and
  (iii) the charge is paid to a third party unaffiliated with the creditor; and

the Howards do not allege basic facts necessary to show that HOEPA applies to their loan, their claims for rescission and damages against Bank of America under HOEPA should be dismissed.

### III. THE HOWARDS' TILA AND HOEPA DAMAGES CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

The Howards' TILA and HOEPA claims for damages against Bank of America are time-barred because they did not sue Bank of America within TILA's one-year limitations period.[3] 15 U.S.C. § 1640(e) (TILA damages claims must be brought "within one year from the date of the occurrence of the violation"); *see also, Williams v. Saxon Mortg. Services, Inc.*, No. 06-799, 2007 WL 2828752, at *3 (S.D. Ala. Sep. 27, 2007) (noting HOEPA and TILA's one year statute of limitations for damages claims). This period runs from the date of consummation of the loan transaction. *Williams*, 2007 WL 2828752, at *3. The Howards consummated their loan transaction on January 19, 2007, but did not file their Complaint until December 18, 2009 – almost three years later. Therefore, the Howards are barred under § 1640(e) from asserting a claim for damages against Bank of America. *See, e.g.*, *Watkins v. Farmers and Merchants Bank*,

---

      (D) such other charges as the Board determines to be appropriate.

15 U.S.C. § 1602(aa)(4). In turn, § 1605(e) lists:

      (1) Fees or premiums for title examination, title insurance, or similar purposes.
      (2) Fees for preparation of loan-related documents.
      (3) Escrows for future payments of taxes and insurance.
      (4) Fees for notarizing deeds and other documents.
      (5) Appraisal fees, including fees related to any pest infestation or flood hazard inspections conducted prior to closing.
      (6) Credit reports.

15 U.S.C. § 1605(e).

[3] Confusingly, Count I is entitled "Rescission" but prays for relief in the form of statutory damages under TILA. (Compl. para. 74(d), and "Prayer for Relief" para. E.) Additionally, the "wherefore" clause at the end of Count II requests damages under HOEPA.

No. 08-259, 2010 WL 1257719, at *6 (M.D. Ga. Mar. 26, 2010) (dismissing TILA disclosure claims filed more than one year after date of loan transaction).

While they attempt to plead that some sort of equitable tolling or estoppel theory should apply generally to their claims, the Howards' tolling allegations fail under *Twombly* and *Iqbal* for several reasons. (Compl. paras. 63-4.) Equitable tolling and/or estoppel "is an extraordinary remedy which should be extended only sparingly," *Hedges v. U.S.*, 404 F.3d 744, 751 (3d Cir. 2005), and only applies if, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claims." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). *See also Bloom v. Martin*, 865 F. Supp. 1377, 1387 (N.D. Cal. 1994) ("[e]quitable tolling generally applies in extraordinary circumstances beyond plaintiffs' control which made it impossible to file their claims on time.") To assert equitable tolling, a plaintiff must allege facts showing that "(1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) which prevented the plaintiff from recognizing the validity of his claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to his lack of reasonable due diligence in attempting to uncover the relevant facts." *In re Cmty. Bank of N. Va.*, 467 F. Supp. 2d 466, 478 (W.D. Pa. 2006) (citation omitted).

First, the Howards do not, and cannot, allege that Bank of America was in any way involved in actively misleading the Howards about the fees charged at closing and disclosed (or not) on their HUD-1 Settlement Statement. Bank of America was not, as the Howards acknowledge, a party to the closing transaction. (*Id.* para. 11.) The Howards do not allege that Bank of America took any actions after closing to prevent the Howards from discovering the purportedly improper disclosures. (*Id.* paras. 63-4.) Therefore, because Bank of America had no role in allegedly preventing the Howards from discovering the purported violations, a tolling

theory cannot apply to extend the limitations period for their TILA and HOEPA damages claims against Bank of America.

Next, as addressed above, to hold Bank of America liable for TILA damages, as an assignee, the alleged TILA violations must be "apparent on the face of the loan documents." 15 U.S.C.A. § 1641(a). Under TILA, to be "apparent on the face," a violation must be one that "a reasonable person can spot on the face of the disclosure statement or other assigned documents." *Marks v. Ocwen Loan Servicing*, No. C 07-02133 SI, 2008 WL 344210, at *3 (N.D. Cal. Feb. 6, 2008). If the alleged violations were apparent on the face of the documents, the Howards knew or should have known about them as soon as they received the disclosures.[4]

Finally, the Howards have not alleged the date on which they discovered the TILA violations. Without a date on which the Howards specifically knew or should have known of the alleged violations, the Complaint does not allege facts to support tolling under *Twombly*, *Iqbal* and Rule 8(a).

Without plausible factual allegations, courts have consistently rejected the notion that a TILA or HOEPA claim based on allegedly deficient disclosures can be subject to equitable tolling. *See, e.g.*, *Grinke v. Countrywide Home Loans, Inc.,* No. 08-23382, 2009 WL 2588746, at *2 (S.D. Fla. Aug. 24, 2009) (denying TILA tolling "[w]here a plaintiff relies…on the same allegations of fraud which constitute the TILA violation (such as failing to disclose certain finance charges) to prove fraudulent concealment" because "if failure to make TILA disclosures also tolled the limitations period for pursuing TILA claims, then the statute of limitations would be rendered meaningless because those non-disclosures are the very essence of the TILA

---

[4] Conversely, if the alleged TILA violations were not "apparent on the face" of the disclosures, then Bank of America cannot be liable as an assignee under TILA. The Howards cannot have it both ways.

violation in the first place"); *Watkins v. Farmers and Merchants Bank*, No. 08-259, 2010 WL 1257719, at *6 (M.D. Ga. Mar. 26, 2010) (same); *Williams v. Saxon Mortg. Services, Inc.*, No. 06-0799, 2007 WL 2828752, at *5 (S.D. Ala. Sep. 27, 2007) (dismissing TILA and HOEPA claims as time-barred where no factual allegations supporting tolling were made); *Issa v. Provident Funding Group, Inc.*, No. 09-12595, 2010 WL 538298, at *3 (E.D. Mich. Feb. 10, 2010) (same); *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (rejecting tolling argument for TILA claim because "nothing prevented [plaintiff] from comparing the loan contract…initial disclosures, and TILA's statutory and regulatory requirements"); *Ung v. GMAC Mortg.*, No. 09-893, 2009 WL 2902434, at *2 (C.D. Cal. Sep. 4, 2009) (rejecting tolling argument for TILA claim because "Plaintiff's failure to inspect or understand the documents does not toll TILA's statute of limitations").

Because the Howards' TILA and HOEPA damages claims against Bank of America were filed well over a year after their loan was consummated, and no equitable tolling theory applies, their claims for damages under TILA[5] and HOEPA should be dismissed, with prejudice.

## CONCLUSION

For the reasons set forth herein, Bank of America, National Association As Successor By Merger To LaSalle Bank National Association, As Trustee For The Registered Holders Of Bear Stearns Asset Back Securities I Trust 2007-HE4 Asset-Back Certificates, Series 2007-HE4

---

[5] Because the Howards' underlying TILA claims fail, Bank of America cannot be held liable for TILA damages for failure to rescind, and the Howards' TILA claim based on failure to rescind must be dismissed. *Clay v. Johnson*, 264 F. 3d 744, 751 (7th Cir. 2001) (borrowers not entitled to rescission or statutory damages where lender's disclosures were sufficient under TILA).

respectfully requests that this Court dismiss Counts I and II of Plaintiffs' Class Action Complaint with prejudice and grant such other and further relief as this Court deems appropriate.[6]

Date:  April 15, 2010

BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACK SECURITIES I TRUST 2007-HE4 ASSET-BACK CERTIFICATES, SERIES 2007-HE4.


/s/Sandy G. Robinson
**SANDY G. ROBINSON – ROBIS5756**
Attorney for Defendant
Bank of America


**BURKE, WARREN, MACKAY & SERRITELLA, P.C.**
LeAnn Pedersen Pope, admitted *pro hac vice*
Stephen R. Meinertzhagen, admitted *pro hac vice*
Susan J. Miller Overbey, admitted *pro hac vice*
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone:  (312) 840-7000
Facsimile:  (312) 840-7900
E-mail:  lpope@burkelaw.com
           smeinertzhagen@burkelaw.com
           soverbey@burkelaw.com

**CABANISS, JOHNSTON, GARDNER, DUMAS & O'NEAL LLP**
Post Office Box 2906
Mobile, Alabama  36652
Telephone:  (251) 415-7308
Facsimile:  (251) 415-7350
Email:  sgr@cabaniss.com

---

[6] The Count III claim under RICO is not directed against Bank of America (see Compl. Para. 83), and Counts IV and V do not purport to state separate causes of action.  Count IV merely provides "Class Allegations" (it is axiomatic that Rule of Civil Procedure 23 provides a procedural mechanism, not a cause of action); Count V is titled "Rescission and Declaratory Judgment" and requests these forms of relief under the TILA and HOEPA claims alleged in Counts I and II.

## CERTIFICATE OF SERVICE

  I hereby certify that on this 15th day of April, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Earl P. Underwood, Esquire<br>epunderwood@gmail.com | Kenneth J. Riemer, Esquire<br>kjr@alaconsumerlaw.com |
| C. Lee Reeves, Esquire<br>lreeves@sirote.com | Charles Andrew Newman, Esquire<br>cnewman@sonnenschein.com |
| Elizabeth T. Ferrick, Esquire<br>eferrick@sonnenschein.com | T. Julian Motes, Esquire<br>Jmotes@sirote.com |

              /s/Sandy G. Robinson
                Of Counsel

11912\00121\674758v3