IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RANDY HOWARD, et al.,** | ) |
| **Plaintiffs,** | ) |
| v. | ) CIVIL ACTION 09-0820-WS-M |
| **BAYROCK MORTGAGE CORPORATION, et al.,** | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiffs' motion for leave to amend the complaint. (Doc. 61). Defendant Bank of America opposes the motion. (Doc. 63).

When, as in this case, the time for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. Bank of America argues that leave should be denied because the plaintiffs "give no reason why 'justice requires' such an amendment," (Doc. 63 at 1), but they offer no authority that the plaintiffs bear such a burden. On the contrary, "[t]he Supreme Court has emphasized that leave to amend *must be granted absent a specific, significant reason for denial* ... 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Spanish Broadcasting System, Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). It is up to Bank of America to identify reasons amendment should be denied.

Bank of America identifies two such reasons: prejudice and futility. Its only asserted prejudice is "the time and expense" it has invested in its pending motion to

dismiss. Since Bank of America insists amendment is futile because the amended complaint "does not cure the defects in the original complaint," for the reasons set forth in its motion to dismiss, it is difficult to discern how granting amendment could prejudice Bank of America by mooting its motion to dismiss. At any rate, "[t]he lengthy nature of litigation, without any other evidence of prejudice to the defendants ..., does not justify denying the plaintiffs the opportunity to amend the complaint." *Florida Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (internal quotes omitted).

Bank of America does not explain the futility of amendment except by referring generally to its motion to dismiss. Thus, the Court cannot evaluate its futility argument short of deciding the motion to dismiss, and the Court declines to decide the latter motion as a predicate to the former.

For the reasons set forth above, the plaintiffs' motion for leave to amend is **granted**. The plaintiffs are **ordered** to file and serve their first amended complaint on or before **July 15, 2010**.

The stated purpose of the first amended complaint is to "delet[e] claims and parties that have been dismissed and clarif[y] the remaining claims." (Doc. 61, ¶ 4). Because these alterations may impact Bank of America's pending motion to dismiss, Bank of America is **ordered** to file and serve any supplemental brief in support of its motion to dismiss on or before **July 20, 2010**. The plaintiffs are **ordered** to file and serve any supplemental response on or before **July 29, 2010**. Such briefing shall be limited to new or altered material in the first amended complaint and may not address matters that were or could have been addressed in the previous briefing on the motion. The Court will take the motion to dismiss under submission on July 29, 2010.

DONE and ORDERED this 8th day of July, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE