## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RANDY and TRISHA HOWARD, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | CASE NO.: CASE:  1:09-cv-00820-WS-M |
| | ) | |
| BAYROCK MORTGAGE CORPORATION, and BANK OF AMERICA, NATIONAL ASSOCIATION as Successor by Merger to LaSalle Bank National Association, as Trustee for the registered holders of Bears Stearns Asset Backed Securities I Trust 2007-HE4 Asset-Backed Certificates, Series 2007-HE4. | ) ) ) ) ) ) ) ) ) | |
| | ) | **JURY DEMANDED** |
| | ) ) | **CLASS ACTION** |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1.      This complaint is filed under the Truth-In-Lending Act (TILA) 15 U.S.C. §§ 1601 et seq. (ÒTILAÓ and ÒHOEPAÓ) to enforce the plaintiffsø right to rescind a consumer credit transaction, to void the security interest in the Plaintiffsøhome, and to recover statutory damages, enhanced HOEPA damages, reasonable attorneyøs fees and costs by reason of violations of the Act and Regulation Z, 12 C.F.R. § 226 (hereinafter called ÒRegulation ZÓ). This complaint also asserts the right of a class of similarly situated persons defined below.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

**PARTIES**

3.      Plaintiffs, Randy Howard and Trisha Howard, "the Howards" own and reside in a home at 3057 Kendale Drive, Mobile, AL 36606.

4.      Bayrock Mortgage Corporation, ("Bayrock") is incorporated in Georgia and its principle address is 11575 Great Oaks Way, Suite 300, Alpharetta, GA 30022.

5.      Bayrock is a "creditor" as that term is defined at 15 U.S.C. § 1602(f) and at all times relevant hereto, Bayrock, in the ordinary course of business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or by written agreement which is payable in more than four installments.

6.      Bayrock purportedly assigned Plaintiffs' loan to Bank of America, National association as Successor by Merger to LaSalle Bank National Association, as Trustee for the registered holders of Bears Stearns Asset Backed Securities I Trust 2007-HE4 Asset-Backed Certificates, Series 2007-HE4, ("BOA").

7.      BOA is liable for the claims made herein pursuant to 15 U.S.C. § 1641.

**FACTUAL ALLEGATIONS**

8.      On January 19th 2007, the Plaintiffs entered into a consumer transaction with Bayrock in which Bayrock extended consumer credit that was subject to a finance charge initially payable to Bayrock and later assigned to BOA.

9.      As part of this consumer credit transaction, Bayrock retained a security interest in a home located at 3057 Kendale Drive, Mobile, AL 36606, the principal dwelling of the Plaintiffs.

10.      Bayrock is a sub-prime mortgage lender based in Georgia which originates sub-prime mortgage loans in several states, including Alabama. Bayrock uses various settlement

agents to close its loans.

11.    At all times relevant herein, the settlement agents were, on information and belief, acting at the direction of and were the agents of Bayrock.

12.    The settlement agent for the Plaintiffsø transaction, whose use was required by Bayrock, was an entity known as Lendersø First Choice (õLFCö).[1]

13.    LFC performed a variety of settlement services for Bayrock for which it was paid a closing fee incident to the extension of credit to the Plaintiffs. The õsettlement or closing feeö fully compensated LFC for each and every service it performed. The fee paid to the settlement agent for its services is disclosed, pursuant to federal law, on Line 1101 of the applicable HUD-1 Settlement Statement and must be disclosed for TILA purposes as part of the õFinance Charge.ö

14.    For loans such as the Plaintiffsø the settlement agent does not hold closings in its office, or any other office traditionally used for closings. The closings are, instead, administered by a notary hired by the settlement agent whose only role is to deliver the necessary documents to the borrowers and obtain the appropriate signatures.

15.    Under applicable federal law Bayrock is allowed to pass along the fees, associated with a loan closing that are paid to third parties hired to perform settlement services, as part of the õAmount Financedö, provided those costs are *bona fide*, reasonable, necessary and clearly and conspicuously disclosed and itemized on the HUD Settlement Statement. Settlement costs associated with title services must be set out on Lines 1101 through 1113 of the Settlement Statement.

16.    Furthermore, LFC and Bayrock are required by RESPA and TILA to separately list and itemize each of these charges including any commission earned for the sale of title

---

[1] Lendersø First Choice has filed for bankruptcy protection and is not made a defendant herein.

insurance and any other services provided in connection with the closing as required by 12 U.S.C. § 2603 and 24 C.F.R. § 3500, Appendix A.

17.     For each loan, Bayrock prepares and provides to the settlement agent "Closing Instructions" which set out the amounts to be charged and included in the HUD-1 Settlement Statement for various fees. Many of these fees are marked up or padded.

18.     Federal regulations, 12 U.S.C. § 2603 and 24 C.F.R. § 3500, Appendix A, require that certain settlement charges be listed on specific lines on the settlement statement.

19.     The settlement agent and Bayrock, through its Closing Instructions, as a matter of course charge borrowers fees for title searching, abstracting and title examination, in excess of the amounts actually paid to third parties for those services.

20.     Pursuant to TILA and Reg. Z, lenders may exclude from the disclosed finance charge fees paid for title examination, title abstracting and title insurance only if those charges are "*bona fide*" and "reasonable." Reg. Z, § 226.4(c)(7).

21.     Pursuant to federal law, the amount paid by a borrower for title insurance required by the lender must be reflected on Line 1108 of the Settlement Statement. The amount that may be charged in premium for title insurance, including any commission, is set by the Alabama Insurance Department ("DOI") and other agencies for non-Alabama loans. The charges for title insurance premiums cannot exceed the filed or approved rates.

22.     Neither Bayrock nor the settlement agents itemized all the charges imposed or disclosed the payment of a sales commission related the title insurance as required by 12 U.S.C. § 2603 and 24 C.F.R. § 3500, Appendix A.

23.     The amount charged for title insurance in the Plaintiffs' transaction exceeded the filed rate approved by the DOI and at least the padded portion is a finance charge.

24.    Plaintiffs were charged $275 for the title insurance policy issued by United Title Insurance Company through its agent, LFC. This charge is reflected on Line 1108 of the Plaintiffs' HUD-1 Settlement Statement.

25.    The legal charge, which includes commissions, for that policy was only $137.00, as determined by United's filed rate,

26.    No commission was disclosed on the plaintiffs' HUD-1 settlement statement.

27.    The $275.00 charge imposed on Plaintiffs for "title insurance" was neither *bona fide* nor reasonable because the premium included an unearned sur-charge of $138.00. The $138.00 fee or sur-charge (the amount in excess of the legal rate) was tacked on to the "title insurance" charge by LFC. LFC performed no additional compensable service for that fee and it is an unearned payment for other than services performed.

28.    Therefore, $275.00 charge is a finance charge and must be disclosed as such. In the alternative at least the $138.00 sur-charge is a finance charge that should have been disclosed.

29.    In transactions, such as Plaintiffs', federal law allows the recording costs to be excluded from the calculation of the "finance charge", provided those costs are clearly and conspicuously reflected in the Settlement Statement and do not exceed the amounts actually paid to a government entity for recording. Those charges must be set out in Lines 1201 and 1202 of the HUD-1. Plaintiffs' Settlement Statement also reflected, on Line 1201, a charge of $120 and on Line 1202 a charge of $190.50 for mortgage recording fees. The total recording fee actually incurred was only $153.45. Therefore, Plaintiffs were charged $157.05 above what was actually paid to the probate court for recording fees.

30.     Bayrock was required to include as part of the finance charge the örecording feeö charge listed on Line 1201 on Plaintiffsø Settlement Statement because it exceeds the amount that was actually paid to the government entity. However, the finance charge disclosed by Bayrock did not include any portion of the örecording feeö charge.

31.     On January 19th 2007, Plaintiffsø loan was closed and Plaintiffs executed all those documents necessary to obtain the loan and refinance the debt then due and owing and secured by their home.

32.     In connection with Plaintiffsø loan, the settlement agent obtained a title search or abstract from a separate company which rendered a full title report. The amount charged to Plaintiffs for those services was $175.00 for öAbstract or Title Searchö (Line 1102) was neither *bona fide* nor reasonable. The actual cost of these services did not exceed $100.00.

33.     Plaintiffs were also charged, on Line 1111, $25.00 for öwire fee.ö Upon information and belief, this charge does not relate to any separate service, is completely unearned and was included in the Settlement Fee reflected in Line 1101 and should have been included in the öfinance charge.ö

34.     On Line 1112, Plaintiffs were charged, $30.00 for a ödelivery fee.ö Upon information and belief, this charge does not relate to any separate service, is completely unearned, was  included in the Settlement Fee reflected in Line 1101 and should have been included in the öfinance charge.ö

35.     On Line 1106, $150.00, Plaintiffs were charged, for öSigning Fee.ö Upon information and belief, this charge does not relate to any separate service, is completely unearned, was included in the Settlement Fee reflected in Line 1101 and should have been included in the öfinance charge.ö

36.    Plaintiffs were charged, on Line 1105, $65.00 for "Document preparation." Upon information and belief, this charge does not relate to any separate service, is completely unearned, was included in the Settlement Fee reflected in Line 1101 and should have been included in the "finance charge."

37.    The charges listed on Lines 1102, 1103 and 1111 were not included as part of the finance charge disclosed by Bayrock. This is in violation of TILA and Reg. Z. Those charges, purportedly for "Abstract or Title Search" were neither *bona fide* nor reasonable. Those charges were marked-up and/or split in violation of federal law. Therefore, those charges should have been included as part of the finance charge disclosed by Bayrock.

38.    Plaintiffs' loan was subject to TILA and RESPA and also qualified as a "high-cost" or HOEPA loan as specified under the qualification "triggers" found at 15 U.S.C. § 1602(aa) and Regulation Z, at 12 C.F.R. § 226.32, by virtue of having met the fee and cost trigger or the annual percentage rate trigger or both.  "High cost" loans are subject to the more stringent TILA requirements applicable to such loans.

39.    An assignee of a loan covered by HOEPA loan is liable for "all claims and defenses the consumer could assert against the creditor of the mortgage."  15 U.S.C. § 1641 (d)(1).

40.     A loan is governed by HOEPA if the total "points and fees" exceed 8% of the total loan amount. 15 U.S.C. § 1602 (aa)(B).  "Points and fees" include: 1) all Finance Charges as defined by Reg. Z § 226.4, except for actual interest payments,15 U.S.C. § 1602 (aa) (4) (A); 2) all compensation paid to mortgage brokers, 15 U.S.C. § 1602 (aa) (4) (B); and, 3) all closing costs listed in 15 U.S.C. § 1605 (e), except those which are "reasonable," and not paid to the lender or its affiliate. 15 U.S.C. § 1602 (aa) (4) (C).  12 C.F.R. § 226.32(b) (1).

41.     With respect to the Plaintiffs' loan, the points and fees, at a minimum, include: (1) the finance charge disclosed by Bayrock; plus (2) those charges identified herein as "finance charges" which should have been, but were not, included in the finance charge calculation, less charges for pre-paid interest.[2]

42.     The fees imposed on Plaintiffs which constitute "points and fees" include at least the following:

| | |
|---|---:|
| Broker Fee: | 2,300.00 |
| Title Insurance (marked up portion) | 138.00 |
| Recording Fee (marked up portion) | 175.05 |
| Wire Fee Lender's Choice (line 111) | 25.00 |
| Delivery Fee (line 1112) | 30.00 |
| Signing Fee (line 1106) | 150.00 |
| Document Prep. Fee (line 1105) | 65.00 |
| Abstract Fee (marked up portion) | 75.00 |
| Processing Fee | 300.00 |
| Wire Fee (to Bayrock) | 50.00 |
| Desk Review Fee | 125.00 |
| Tax Service Fee | 70.00 |
| Flood Certificate Fee | 25.00 |
| Administration Fee | 725.00 |
| Closing Fee | 300.00 |
| Total Points and Fees | $4,553.05 |

43.     The "total loan amount" with respect to Plaintiffs' loan is $50,696.95.

44.     The total amount of points and fees equals 8.9 % of the total loan amount.

45.     HOEPA imposes special disclosure requirements on creditors when either HOEPA trigger is satisfied. HOEPA requires a special *advance* notice (15 U.S.C. § 1639, Regulation Z § 226.32) to prospective borrowers that must be received at least three business days *before* closing that must contain, since October 1st 2002, an advance disclosure of the loan's

---

[2] Prepaid interest is not included in the "points and fees" calculation pursuant to 12 C.F.R. § 226.32(b)(1).

APR, Finance Charges, Amount Financed, Total of Payments and Monthly Payments. These so-called õSection 32ö pre-closing notices were never sent to the Plaintiffs or class members.

46.     The predatory lending and mark-up scheme of Bayrock violated TILA and HOEPA because of inaccurate disclosures of the APR, Finance Charges and the Amount Financed on the Plaintiffsø loan and the loans of others. These inaccurate disclosures were material and give rise to actions for damages and loan rescission under TILA and HOEPA because the loans did not have the disclosures required by law. The loans violate TILA and the violations give rise to damages and rescission under TILA, HOEPA and Regulation Z.

47.     HOEPA requires lenders to give certain notices at least three business days prior to the closing of the loan. Bayrock failed to give any such notice on any HOEPA loans.

48.     The actions and violations complained of herein were either intentional or occurred because of the negligent supervision and training by the defendants of their agents and employees.

## EQUITABLE ESTOPPEL, EQUITABLE TOLLING AND CLASS ACTION TOLLING OF LIMITATIONS PERIOD

49.     Bayrock knowingly and actively misled the Plaintiffs and the class from pursuing their claims by, among other things:

        a.     Engaging in a scheme that was by its nature and design õself-concealing;ö

        b.     Requiring settlement agents to allocate closing fees as dictated in closing instructions;

        c.     Knowingly and actively mischaracterizing and misrepresenting, *inter alia*, actual amounts paid for abstracts, document fees, wire fees, title search, title examinations, notary fees, endorsement fees, title insurance and recording charges such

that non-*bona fide* and illegal charges were wrongfully excluded from the calculation of the õFinance Chargeö and Amount Financed used to calculate the Annual Percentage Rate (õAPRö), thereby materially misrepresenting these disclosures as well materially understating the APR;

d.      Disseminating false and fraudulent HUD-1 Settlement statements that intentionally mischaracterize settlement charges, made incident to the extension of the credit, and thereby concealing the fact that said charges should be calculated as part of the õFinance Chargeö as opposed to the õAmount Financedö and that more than the legal premium was charged for title insurance;

e.      Intentionally including Finance Charges in the Amount Financed thereby causing the APR to appear lower and therefore more competitive;

f.      Knowingly and actively misrepresenting the Finance Charges, the Amount Financed and APRøs on the TILA Disclosure Statements provided to Plaintiff and class members by, among other things, failing to include in its calculations all of the chargesø described above, that were not *bona fide*, reasonable, lawful and/or not actually paid to third parties;

g.      Falsely certifying that Plaintiffsø and class membersø HUD-1 settlement statements were accurate;

h.      Intentionally omitting and failing to make the disclosures required by 15 U.S.C. § 1639;

i.      Intentionally suppressing the fact that the loans at issue are high cost loans by failing to give plaintiffs and class members õSection 32ö notices that are required three days in advance of consummation of a HOEPA loan by 12 C.F.R. § 226.32(c); and

j.      By other acts and violations that will be discovered during discovery.

50.     Plaintiffs and class members exercised reasonable consumer diligence during their loan transactions and dealings with Defendants and in the reviewing of their loan documentation, they could not have, nor have been reasonably expected to, uncover the true facts. The fact that the charges reflected in Lines 1102, 1105, 1106, 1108, 1111, 1112, 1201 and 1202 exceeded the actual costs of the services actually provided was unknown to Plaintiffs. The fact that those charges were marked up, illegal, excessive and otherwise improper, was unknown to, and unknowable by, Plaintiffs because the actual costs for providing or obtaining the services were not available to or discoverable by them and Bayrock actively deceived Plaintiffs about who was providing these services and the fact that they were being defrauded by the use of fraudulent HUD-1 settlement statements and TILA disclosures.

51.     The HUD-1 forms used by Bayrock and LFC also misstate their accuracy. At the bottom of each settlement statement the following text is found, "The undersigned hereby acknowledges receipt of a completed copy of this statement. To the best of my knowledge the HUD-1A ref. RESPA Settlement Statement is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction." Immediately following the statement are signature lines for the borrowers and LFC.

52.     The unknown and inherently unknowable nature of the unlawful charges did not give Plaintiffs any reason to inquire, investigate or discover the wrongdoing. As a practical reality, it was impossible for Plaintiffs, as laypersons, to detect Bayrock's and LFC's lending law violations.

53.     Plaintiffs have acted with due diligence with respect to their rights. The facts that support their causes of action were not knowable to them until shortly before the filing of the Complaint in this action and although they acted with due diligence, Plaintiffs did not know the identity of BOA, the assignee of their loan, until October 21st 2009.

## COUNT I

## RESCISSION

54.     Plaintiffs reallege the relevant paragraphs above in support of this count.

55.     The consumer credit transaction complained of herein was subject to the Plaintiffsø right of rescission as described by 15 U.S.C § 1635 and Regulation Z § 226.23 (12 C.F.R § 226.23).

56.     In the course of this consumer credit transaction, Bayrock failed to deliver all õmaterialö disclosures required by the TILA and Regulation Z, in at least the following ways, by not:

a.      properly and accurately disclosing the õamount financedö using that term in violation of Regulation Z §§226.18, 226.23(b) and 15 U.S.C § 1638;

b.      clearly and accurately disclosing the õfinance chargeö using that term in violation of Regulation Z § 226.4 and 226.18(d) and 15 U.S.C § 1638(a)(3);

c.      clearly and accurately disclosing the õannual percentage rateö using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C § 1638(a)(4);

d.      disclosing that the loan was a high cost or HOEPA loan as defined by 15 U.S.C. § 1602(aa);

e.      making the other disclosures required by HOEPA; and

f.      using mortgage terms that were compliant with HOEPA.

57.     The Plaintiffs have a continuing right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

58.     Plaintiffs rescinded the transaction, on November 18, 2009, by sending notice to Bayrock and BOA by U.S. Mail, postage prepaid, priority mail.

59.     More than 20 calendar days have passed since Plaintiffs' gave their notice of rescission.

60.     Bayrock and BOA have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest described in Paragraph 8, as required by 15 U.S.C. § 1635(b) and Regulation Z 226.23(d)(2).

61.     Bayrock has failed to return to the Plaintiffs any money or property given by the Plaintiffs to anyone, including Bayrock, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

62.     BOA, as Bayrock's assignee, is liable for all damages Plaintiffs could claim of Bayrock pursuant to TILA and HOEPA.

63.     As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a) and 1640(a), Bayrock and BOA are liable to Plaintiffs for:

    a.      Rescission of this transaction;

    b.      Termination of any security interest in Plaintiffs' property created under the transaction;

    c.      Return of any money or property given by the Plaintiffs to anyone, including Bayrock, in connection with this transaction;

    d.      Twice the finance charge in connection with this transaction, but not less

than $400 nor more than $4,000.00;

e.      The right to retain proceeds to vest in plaintiffs; and

f.      A reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court:

A.      Assume jurisdiction of this case;

B.      Rescind the transaction of January 19th 2007 between the Plaintiffs and Bayrock.

C.      Order Bayrock and BOA to take all action necessary to terminate any security interest in Plaintiffs' property created under the transaction and that the Court declare all such security interests void, including but not limited to the mortgage related to the transaction of January 19th 2007 between the Plaintiffs and Bayrock;

D.      Order the return to the Plaintiffs of any money or property given by the Plaintiffs to anyone, including Bayrock, in connection with the transaction;

E.      Award the Plaintiffs twice the finance charge in connection with this transaction, but not less than $400 or more than $4,000 and all other damages available as provided under 15 U.S.C. § 1640(a);

F.      Order that the right to retain the loan proceeds vests in Plaintiffs;

G.      Award actual damages in an amount to be established at trial;

H.      Award the Plaintiffs costs and a reasonable attorney's fee as provided under 15 U.S.C. § 1640(a);

I.      Award such other and further relief as the Court deems just and proper.

## COUNT II

## TILA AND HOEPA VIOLATIONS

75.     Plaintiffs re-allege all the preceding allegations referenced as if set out here in full.

76.     As a consequence of the marking up and splitting of the charges reflected in Lines 1102, 1105, 1106, 1108, 1201, 1204 and/or 1301 those charges are õpoints and fees,ö by operation of Reg. Z, 24 C.F.R. 226.32(b), as defined under HOEPA.

77.     The Plaintiffsø loan is a high cost loan within the meaning of HOEPA, 15 U.S.C. § 1602(aa), because the total points and fees charge in connection with it exceed 8% of the total loan amount.

78.     Because Plaintiffsø loan meets the HOEPA definition of a high cost mortgage, the transaction was subject to additional disclosure requirements that must be provided three days in advance of the consummation of the transaction. 15 U.S.C. § 1639(b).

79.     Bayrock did not furnish the required HOEPA disclosures to Plaintiffs three days prior to their settlement or at any other time.

80.     Bayrockøs failure to provide the required HOEPA disclosures was material.

81.     Bayrockøs failure to give Plaintiffs the disclosures required by HOEPA three days prior to settlement violates 15 U.S.C. § 1639(a) and (b), entitling Plaintiffs to actual and statutory damages under 15 U.S.C. § 1640(a). In addition, the failure to provide those disclosures extends Plaintiffsø right to rescind the transaction for up to three years after its consummation.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Bayrock and BOA rescinding the transaction, for damages and fees pursuant to 15 U.S.C. § 1635(b) and (g); and, pursuant to 15 U.S.C. §§ 1639(j), and 1640(a), award statutory

damages as provided in 15 U.S.C. § 1640(a)(4) in the amount of all finance charges and fees paid by Plaintiffs for each substantive HOEPA violation; reasonable attorney fees and costs and such other relief at law or equity as this Court may deem just and proper.

## COUNT III

## CLASS ALLEGATIONS - TILA VIOLATIONS

82.    Plaintiffs reallege all the preceding allegations by reference as if set out here in full.

83.    The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business.

84.    The Class is so numerous as to make it impracticable to bring all members of the Class before the Court. It is believed that the Class includes thousands of members. In all instances, such persons are unaware that claims exist on their behalf.

79.    The representative Plaintiffs' claims are typical of, if not identical to, the claims of the Class.

80.    The representative Plaintiffs will fairly and adequately represent the members of the Class and have no interests which are antagonistic to the claims of the Class. The Plaintiffs are aware that they cannot settle this action without Court approval. The Plaintiffs' interest in this action is antagonistic to the interest of the Defendant, and will vigorously pursue the claims of the Class.

81.    The representative Plaintiffs have retained counsel who are competent and experienced in consumer class action litigation, and who have successfully represented consumers in complex class actions. Counsel has agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

16

82.     Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of permissible damages and declaratory relief is sought for the Class.

83.     There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.  These common questions of law and fact include:

a)     Is the TILA violation apparent on the face of the loan documents;

b)     Are the loans subject to HOEPA;

c)     What measure of damages is appropriate;

d)     What declaratory or injunctive relief is appropriate?

84.     A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.  The substantive claims of the representative Plaintiffs and the class are identical and will require evidentiary proof of the same kind and application of the same law.

85.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. Trial of representative Plaintiffs' claims is manageable.

86.     Unless a class-wide injunction is issued, Defendant may continue to commit violations against residential mortgage borrowers.

87.    The representative Plaintiffs will seek to identify all class members through discovery as may be appropriate and will provide to the class such notice of this action as the Court may direct.

## COUNT IV

## RESCISSION AND DECLARATORY JUDGMENT

88.    Plaintiffs re-allege and adopt by reference all of the foregoing facts and allegations as set forth herein above.

89.    Plaintiffs and the Plaintiff's Class bring this action pursuant to Rules 23(b)(2) and 57 of the Federal Rules of Civil Procedure in that an actual controversy exists between the parties concerning their right to rescind their mortgage loans under 15 U.S.C. § 1635.

90.    As a result of the Defendant's aforesaid violations of TILA and HOEPA all Plaintiffs and Class Members have retained their right to rescind (as to loans that closed within three years *prior* to the filing of the complaint herein and as to properties not sold during such period) their loans under 15 U.S.C. § 1635. Accordingly, Plaintiffs and Class Members pray for a declaratory judgment recognizing and authorizing rescission by Plaintiffs and Class Members, this declaratory judgment count giving notice to Defendant and assignees of Plaintiffs' and Class Members' demands for rescission, subject to the individual choice of withdrawing this notice of rescission after their rights are declared.

## PRAYER FOR RELIEF

WHEREFORE, on all asserted causes of action against Defendant, Plaintiffs pray for judgment against Defendant as follows:

a.    For an Order certifying that this action may be maintained as class action as under Fed. R. Civ. P. 23(b)(3);

b.        For an Order appointing the Plaintiffs to act as a representative of the Class;

c.        For an Order appointing the undersigned counsel to act as interim Class Counsel pursuant to Fed. R. Civ. P. 23 to act on behalf of the putative Class before the determination of whether to certify the Class under Fed. R. Civ. P. 23(b)(3) is made;

d.        For an Order appointing the undersigned counsel as Class Counsel;

e.        For an Order directing that reasonable notice of this Class action be given to all members of the Class at the appropriate time;

f.        For violating the HOEPA and TILA, a declaration that Class Members whose loans were closed, within the three-year preceding the filing of this case, remain entitled to rescind their loans and by this complaint have given notice of rescission subject to withdrawal of same after determination of their rights, and that Defendant be prohibited from foreclosing on the Plaintiffs' and Class Members' mortgages pending such declaration;

g.        For violating the HOEPA requirements of 15 U.S.C. §§ 1635, 1638, and 1639, an Order finding Defendant liable as a matter of law, pursuant to §§ 1640 and 1641(d), and for all damages and declaratory and injunctive relief allowable under 15 U.S.C. §§ 1635, 1639, 1640 and 1641(d), including, all (1) actual damages; (2) statutory damages; (3) rescission rights and damages; and (5) an amount equal to five times the sum of all, finance charges and fees paid by the Class Members for five substantive violations of HOEPA, one disclosure violation under TILA,; plus pre-judgment interest; and attorney fees;

h.        For violating the TILA's disclosure requirements an Order finding Defendant liable as a matter of law, pursuant to §§ 1640 and 1641(a), to the Plaintiffs and Class Members for all damages and declaratory and injunctive relief allowable under 15 U.S.C. §§ 1635, 1640 and 1641(a), including, all (1) actual damages; (2) statutory damages; (3) rescission rights and

damages; plus prejudgment interest and attorneys fees;

i.      For violations of the above laws a finding of assignee liability under the provisions of HOEPA and TILA pursuant to §§ 1641(d) and 1641(a);

j.      For a permanent injunction enjoining Defendant, together with their officers, directors, employees, agents, partners or representatives, successors and any and all persons acting in concert with them or by agreement with them from directly or indirectly engaging in the wrongful acts and practices described above, all for the benefit of the Class Members; and

k.      For reasonable attorneys' fees as provided by law and statute;

l.      For pre-and-post judgment interest as provided by law in amount according to proof at trial;

m.      For an award of costs and expenses incurred in this action; and

n.      For such other and further relief as the Court may deem necessary and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
Telephone: (251) 990-5558

CERTIFICATE OF SERVICE

I hereby certify on June 17, 2010 that a true and correct copy of the above and foregoing was filed with the CM/ECF system which will cause a copy to be served on all counsel of record and by U.S. First Class mail to the following:

Bayrock Mortgage Corporation
c/o Mr. James Hayden Kepner, Jr.
Scroggins & Williamson
127 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303


<u>/s/Earl P. Underwood, Jr.</u>
Earl P. Underwood, Jr.