IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RANDY HOWARD, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 09-0820-WS-M** |
| | ) | |
| **BAYROCK MORTGAGE** | ) | |
| **CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the motion to dismiss filed by defendant Bank of America, N.A. ("BOA"). (Doc. 43). After the motion was fully briefed, (Docs. 43, 53, 58), the plaintiffs were granted leave to file an amended complaint. (Doc. 66). The Court then allowed additional briefing. (Docs. 74, 76, 77).[1] After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to dismiss is due to be granted in part and denied in part.

## BACKGROUND

According to the amended complaint, (Doc. 70), defendant Bayrock Mortgage Corporation ("Bayrock") is a subprime mortgage lender. Bayrock extended credit to the plaintiffs but did not make accurate disclosures as required by the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"). Bayrock utilized non-party Lenders' First Choice ("LFC") as closing agent. The plaintiffs seek to hold BOA liable as the assignee of the loan. Count One seeks rescission of the

_____

[1] BOA's motion for leave to file a reply brief, (Doc. 77), which has drawn no objection, is **granted**.

transaction based on violations of TILA and HOEPA.  Count Two seeks damages for violations of TILA and HOEPA.

BOA argues that:  (1) the amended complaint fails to adequately allege a violation of TILA; (2) the amended complaint fails to adequately allege a violation of HOEPA; and (3) the TILA and HOEPA damages claims are barred by the statute of limitations.  (Doc. 74 at 2).  Each of these arguments implicates the pleading standard of Rule 8(a).

## DISCUSSION

"A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …."  Fed. R. Civ. P. 8(a)(2).  Rule 8 establishes a regime of "notice pleading."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002).  It does not, however, eliminate all pleading requirements.

First, the complaint must address the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  There must, in short, be a pleading of facts.

Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...."  *Twombly*, 550 U.S. at 555.  That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  Satisfying this standard "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted).  "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

## I.  Pleading of TILA Claims.

### A.  Damages Claim.

As noted, BOA's liability is based on its status as assignee.  Liability for TILA damages may be imposed on an assignee "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement."  15 U.S.C. § 1641(a).  The plaintiffs concede this is correct.  (Doc. 76 at 8).

The amended complaint does not allege in so many words that the asserted violations are apparent on the face of the disclosure statement.  BOA argues that the complaint also does not allege facts suggesting that the violations are facially apparent but on the contrary alleges that the violations were obscured by the various practices employed.  (Doc. 74 at 5-6).  Indeed, the complaint alleges that Bayrock's "scheme" was "self-concealing."  (Doc. 70 at 9).  The Court can discern nothing in the complaint that indicates the violations were facially apparent, and the plaintiffs do not argue otherwise.  (Doc. 76 at 8-10).[2]  Accordingly, the TILA damages claim against BOA is due to be dismissed.

---

[2] The plaintiffs merely make the correct but irrelevant point that the "facially apparent" standard does not apply to TILA rescission claims or HOEPA claims.  Furthermore, they clarify that they allege BOA's liability under Section 1641(d) (which governs HOEPA claims), not Section 1641(a) (which governs TILA claims).  (Doc. 76 at 2).

[3]

**B.  Rescission Claim.**

TILA allows rescission "as against any assignee of the obligation," 15 U.S.C. § 1641(c), so BOA may not obtain dismissal of the rescission claim on this ground. Instead, BOA argues that the amended complaint  is defective because, while it focuses on inaccurate disclosures in the HUD-1 settlement statement, violations of TILA cannot be based on problems with the HUD-1 but only with the Truth in Lending Statement ("TILS").  (Doc. 74 at 2-3, 4-5).  The two cases cited by BOA do not support this proposition, and the Court will not conduct legal research on BOA's behalf in an effort to supply the deficiency.  Because BOA has not met its burden of showing that reliance on the HUD-1 is legally fatal to the plaintiffs' TILA rescission claim, it is not due to be dismissed on this ground.[3]

**II.  Pleading of HOEPA Claims.**

HOEPA applies in this case only if "the total points and fees payable by the consumer at or before closing will exceed … 8 percent of the total loan amount …."  15 U.S.C. § 1602(aa)(1)(B).  The first amended complaint alleges that the total loan amount is $50,696.95, that the total points and fees are $4,553.05, and that the latter figure is 8.9% of the former.  (Doc. 70 at 8).  BOA denies that the plaintiffs have adequately invoked HOEPA.

BOA first argues that the allegation as to the total loan amount is inadequate because the plaintiffs "do not allege facts to support their improper legal conclusion that the 'total loan amount' is $50,696.95."  (Doc. 74 at 7).  The parties agree that the formula

---

[3] The amended complaint does address the TILS, alleging that Bayrock made fraudulent misrepresentations in the TILS.  (Doc. 70 at 10-11).  BOA argues that the complaint provides insufficient factual allegations concerning these misrepresentations in the TILS to satisfy *Twombly* and *Iqbal*.  (Doc. 74 at 5).  It is unnecessary to consider this argument since, even were the plaintiffs' pleading of facts deficient with respect to the TILS, BOA has not argued that it is similarly deficient with respect to the HUD-1.

for calculating the total loan amount is provided by Supplement I to Part 226 [12 C.F.R.] – Official Staff Interpretations, ¶ 226.32(a)(1)(ii).1.  (Doc. 74 at 7-8; Doc. 76 at 12).  This paragraph provides that "the total loan amount is calculated by taking the amount financed, as determined according to § 226.18(b), and deducting any cost listed in § 226.32(b)(1)(iii) and § 226.32(b)(1)(iv) that is both included as points and fees under § 226.32(b)(1) and financed by the creditor."  According to BOA, the allegation as to the total loan amount is fatally deficient because the complaint does not allege "the steps of the calculation," including the "amount financed" and how it was derived.  (Doc. 74 at 8; Doc. 77 at 4-5).

BOA tries to squeeze too much from *Twombly* and *Iqbal*.  The plaintiffs "need not prove [their] case on the pleadings – [their] Amended Complaint must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim, that" HOEPA applies.  *Speaker v. United States Department of Health and Human Services Centers for Disease Control and Prevention*, __ F.3d __, 2010 WL 4136634 at *11 (11th Cir. 2010).  By alleging that the total loan amount is $50,696.95 and the total points and fees $4,553.05, or  8.9% of that figure, the plaintiffs have done so.  Contrary to BOA's assumption, these numbers are facts (or alleged facts), not legal conclusions, and the plaintiffs need not support those facts with secondary facts, tertiary facts, ad infinitum in order to satisfy Rule 8(a)(2).  The single case cited by BOA does not support a contrary conclusion.[4]

The first amended complaint supplies more factual material to support the allegation that the total points and fees total $4,553.05, and BOA does not suggest that this material fails to satisfy Rule 8(a)(2).  Instead, BOA argues that the plaintiffs' "calculation of 'total points and fees' is incorrect as a matter of law."  (Doc. 74 at 7).

---

[4] BOA argues the total loan amount is wrong because the figure for total points and fees is wrong.  (Doc. 74 at 8).  As discussed in text below, BOA has not shown the latter figure to be wrong.

For purposes of determining if HOEPA applies, "points and fees" includes, inter alia, "all items included in the finance charge, except interest or the time-price differential." 15 U.S.C. § 1602(aa)(4)(A).  Under Regulation Z, "[f]ees charged by a third party that conducts the loan closing … are finance charges only if" certain conditions exist.  12 C.F.R. § 226.4(a)(2).  As applicable to this case, the conditions are "if the creditor … [r]equires the particular services for which the consumer is charged [or] [r]equires the imposition of the charge …." *Id*. § 226.4(a)(2)(i), (ii).  BOA argues that $580 of the $4,553.05 identified by the first amended complaint as points and fees cannot be so considered because they were charged by LFC and because the amended complaint does not allege that Bayrock required the services or the charge.  (Doc. 74 at 8-10).

The plaintiffs respond that the amended complaint alleges that "Bayrock prepares and provides to the settlement agent "Closing Instructions" which set out the amounts to be charged and included in the HUD-1 Statement for various fees."  (Doc. 70 at 4).  BOA does not deny that this allegation would be sufficient to show that Bayrock required the services and/or the charges, but it invites the Court to look beyond the allegation to the closing instructions themselves.[5]

The closing instructions do not expressly instruct LFC to provide the particular services related to the disputed $580 or to impose particular charges for such services.  However, the closing instructions  provide that LFC is unauthorized to disburse the transaction "until the HUD-1 Settlement statement has been reviewed and approved by" Bayrock.  (Doc. 76, Exhibit B at 3).  Further, "[a]fter review and approval, the HUD-1 will be sent back as approved or with required revisions."  (*Id*. at 5).  The plaintiff relies on these provisions.  (Doc. 76 at 14).

---

[5] The closing instructions are not attached to the first amended complaint, but the parties agree that the Court may look to them.  (Doc. 74 at 10 & n.4; Doc. 76 at 14 & n.3).  *See generally Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (on a motion to dismiss, the Court may consider documents that are not attached to the complaint but that are both undisputed as to authenticity and central to the plaintiff's claim).

[6]

The plaintiffs' argument is that Bayrock – by requiring LFC to forward the HUD-1 for review, revision and approval, and by forbidding LFC to close on any terms other than those inserted or approved by Bayrock – effectively required that the services and charges reflected in the approved HUD-1 be provided and charged. This construction is facially plausible. To refute the plaintiffs' argument, it is not enough to protest, as BOA does, that their argument is made "without any legal support," (Doc. 77 at 5); this is BOA's motion to dismiss, and BOA bears the burden of showing that the plaintiffs cannot prevail.[6] BOA has offered no legal authority or even argument to show that the plaintiffs' reading of the import of the closing instructions is untenable, and that failure dooms its argument.

BOA argues that other components of the $4,553.05 in points and fees were improperly included. (Doc. 74 at 11-12). Because these total only $158, they could not bring the total points and fees below 8% of the total loan amount even if they were excluded. The Court therefore need not consider whether they should or should not be included.

Finally, BOA argues that HOEPA does not apply because the plaintiffs' loan is not second or subordinate. (Doc. 74 at 12-13). The plaintiffs challenge this contention on its merits, (Doc. 76 at 14-16), but the Court need not address them. As noted previously, BOA's motion to dismiss was fully briefed before the plaintiffs received leave to file their first amended complaint. Accordingly, while the Court allowed additional briefing on the motion to dismiss to account for changes wrought by the amendment, "[s]uch briefing shall be limited to new or altered material in the first amended complaint and may not address matters that were or could have been addressed in the previous briefing

---

[6] "A motion to dismiss [under Rule 12(b)(6)] may be granted only when *a defendant demonstrates* beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (emphasis added) (internal quotes omitted); *accord Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998) ("In seeking dismissal for failure to state a viable claim, *a defendant thus bears the* very high *burden* of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief.") (emphasis added) (internal quotes omitted).

on the motion." (Doc. 66 at 2). BOA's argument violates the Court's order, is thus untimely, and therefore will not be considered.

In sum, BOA is not entitled to dismissal of the HOEPA claims.

### III. Pleading of Equitable Tolling.

The first amended complaint discloses on its face that suit was brought long after the one-year limitations period imposed by 15 U.S.C. § 1640(e) expired. The parties agree that, under such circumstances, BOA is entitled to dismissal of the TILA and HOEPA damages claims[7] unless the complaint adequately alleges equitable tolling. (Doc. 74 at 14-15; Doc. 76 at 18). *See Henderson v. Reid*, 371 Fed. Appx. 51, 54 (11th Cir. 2010) (because the plaintiff filed suit outside the limitations period and his complaint did not "plausibly allege any facts showing that he is entitled to equitable tolling," the defendant was entitled to 12(b)(6) dismissal on limitations grounds); *cf. Tello v. Dean Witter Reynolds, Inc*., 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (under the pre-*Twombly* and *Iqbal* standard, a motion to dismiss on limitations grounds was due to be granted "only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute") (internal quotes omitted).

BOA identifies three deficiencies in the amended complaint's pleading of equitable tolling: (1) it does not allege that BOA (as opposed to Bayrock) actively misled the plaintiffs respecting their cause of action; (2) BOA can be liable for damages claims under TILA only if the violation was facially apparent, which would contradict concealment of the causes of action; and (3) the plaintiffs do not allege the date they discovered the statutory violations, the facts related to their discovery, and the

---

[7] BOA does not seek dismissal of the "rescission-based claims" on this basis, (Doc. 58 at 6); BOA's apparent effort to retract this concession, (Doc. 74 at 16 n.8), is ineffectual. Count One seeks statutory and actual damages based on BOA's alleged refusal to permit rescission, (Doc. 70 at 13-14), and this request lies beyond BOA's motion. Nor does the single case cited by BOA support the proposition that, "[b]ecause the Howards' underlying TILA claims fail, Bank of America cannot be held liable for TILA damages for failure to rescind …." (Doc. 74 at 16 n.8).

circumstances of how they acquired their knowledge of the violations.  (Doc. 74 at 14-15).

BOA's first argument fails because it has offered no authority for the proposition that equitable tolling cannot apply to a cause of action against an assignee unless the assignee itself, as opposed to its assignor, actively participated in the concealment.  Its second argument fails because, as discussed in Part I.A, the amended complaint does not allege that the TILA violation was facially apparent, so there is no irreconcilable tension with an assertion of equitable tolling.  Its third argument fails because the amended complaint does in fact allege that discovery occurred shortly before the lawsuit was filed, (Doc. 70 at 12), and because BOA has not shown that Rule 8(a)(2) requires the detail it demands.  *See* Part II, *supra*; *see also Secretary v. Labbe*, 319 Fed. Appx. 761, 764 (11th Cir. 2008) (a single allegation that "the defendants submitted 'Receipts for Payment of Back Wages' knowing that they were false" was "sufficient to suggest equitable tolling" and satisfy *Twombly*).

## CONCLUSION

For the reasons set forth above, BOA's motion to dismiss is **granted** with respect to the plaintiffs' claims for TILA damages under Count Two and is in all other respects **denied**.

DONE and ORDERED this 4th day of November, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE